**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
ROGER D. DRAKE,                      )
                                     )
          Plaintiff,                 )
                                     )
v.                                   )      No. CIV-08-377-FHS-SPS
                                     )
MICHAEL ASTRUE, Commissioner         )
Social Security Administration       )
                                     )
          Defendant.                 )
```

**OPINION AND ORDER**


Plaintiff's counsel has filed a Motion Under Fed.R.Civ.P. 60
To Extend Time To Request Attorney Fees Under 42 U.S.C. § 406(b)
(Dkt. No. 24) and a Motion For Attorney Fees Under 42 U.S.C. §
406(b) (Dkt. No. 25). Counsel's motion under Rule 60 seeks
relief which would allow her to file her motion for attorney fees
under 42 U.S.C. § 406(b)(1) following the receipt of the Notice
of Award issued by the Social Security Administration. The Court
finds counsel is entitled to the requested relief.


Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when
a social security claimant is awarded disability benefits
following a remand from a federal district court. McGraw v.
Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such
circumstances, the fourteen-day period running from the date of
judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and
claimants, through counsel, rely on Rule 60(b)(6) to seek such
fees well after the expiration of the fourteen-day period. Id.
at 505. The McGraw Court noted, however, that "[a] motion for an

award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id.

On April 29, 2009, this Court remanded this action to the Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 406(g). On March 13, 2010, the Social Security Administration issued a Notice of Award in favor of Plaintiff for back benefits in the amount of $48,900, with $12,225 being withheld for the payment of attorney fees in accordance with the 25% limitation of 42 U.S.C. §§ 406(a)(4) and (b)(1)(A). On March 24, 2010, Plaintiff's counsel filed her motion for attorney fees under 42 U.S.C. § 406(b)(1). The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt of the March 13, 2010, Notice of Award containing the calculation of past-due benefits. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of the Notice of Award. Consequently, the Motion Under Fed.R.Civ.P. 60 To Extend Time To Request Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. No. 24) is granted and the Court finds the March 24, 2010, filing of the attorney fees motion by counsel is timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $9,659.40 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount

contracted for in the parties' contingency agreement or the 25%
limitation of section 406(b) - even after consideration of the
amount awarded as fees for work performed at the agency level and
the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d),
refund.  See Wrenn v. Astrue, 525 F.3d 931, 937-38 (10th Cir.
2008)(25% limitation of section 406(b) is separate and apart from
amount awarded at agency level under 42 U.S.C. § 406(a)).
Neither the Commissioner nor the Plaintiff have presented any
objection to Plaintiff's counsel's request for fees in the amount
of $9,659.40.  The Commissioner has filed an informative response
on the various points of law to be considered, but has declined
to take a position on the reasonableness of counsel's fee
request.  Plaintiff has not filed any response or objection.  The
Court has conducted an independent review of the record,
including the contingency-fee contract between counsel and
Plaintiff, and counsel's documented time records of 15.0 hours of
attorney time and 2.4 hours of paralegal time expended in
connection with the representation before the Court, and
concludes counsel's motion is timely and that the requested
attorney fee amount of $9,659.40 is reasonable under the facts
and circumstances of this case given the nature and quality of
the representation and the results achieved.  See Gisbrecht v.
Barnhart, 535 U.S. 789, 807-809 (2002).

     Consequently, Plaintiff's counsel's motion for an award of
attorney's fees under section 406(b)(1) of the Social Security
Act is granted in the amount of $9,659.40.  Pursuant to Weakley
v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel
is directed to refund to Plaintiff the smaller amount of fees
($2,734.40) previously awarded under EAJA.

It is so ordered this 12th day of April, 2010.


Frank H. Seay
United States District Judge
Eastern District of Oklahoma